SUMMARY ORDER
Plaintiffs-appellants Eastman Kodak Company (“Kodak”) and Martin M. Coyne (“Coyne”) appeal from an order granting summary judgment for defendants-appel-lees Bayer Corp., the Supplemental Benefit Plan Committee of Sterling Drug Inc., and the Sterling Drug Inc. Supplemental Benefit Plan (jointly, “defendants”), in plaintiff Coyne’s action under the Employment Retirement Income Security Act (“ERISA”) seeking payment of benefits as authorized by 29 U.S.C. § 1132(a)(1)(B) as well as Kodak’s accompanying claim for indemnification. The District Court granted defendants’ motion for summary judgment, holding that Coyne is not entitled to the benefits he seeks, and entered final judgment on September 4, 2008; as a result, Kodak’s claim for indemnification on those benefits was made moot. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
We review de novo a district court’s grant of summary judgment. See, e.g., Fay v. Oxford Health Plan, 287 F.3d 96, 103 (2d Cir.2002). Coyne argues that the District Court erred in granting defendant’s motion for summary judgment and holding that Coyne is not entitled to benefits under the Supplemental Benefit Plan (the “Supplemental Plan”) of Sterling Drug Inc. (“Sterling”) after leaving Sterling to work for Kodak, the company that had acquired Sterling.
Eligibility for benefits under the Sterling Supplemental Plan is established as follows:
‘Eligible Person’ means either (a) any person employed by [Sterling] who is a Participant in [the Kodak Retirement Income Plan] (“KRIP”) or (b) any person who had previously been, but is not currently, employed by [Sterling] who has a benefit payable under KRIP, whose benefits under KRIP are subject to the Section 401(a)(17) Limitation or the Section 415 Limitation.
Eastman Kodak Co. v. Bayer Corp., 576 F.Supp.2d 548, 551 (S.D.N.Y.2008). Judge Cederbaum noted that “[t]he parties agree that when Coyne left Sterling, in October of 1994, Coyne was not an Eligible Person *704 and therefore was not a Participant under the Sterling Supplemental Plan.” Id. Coyne contends, however, that he “subsequently became an Eligible Person” as a result of being hired by Kodak, which had acquired Sterling in 1988. Defendants defend the District Court’s interpretation of the Supplemental Plan, arguing that the plain meaning of the eligibility provision “will not support plaintiffs’ argument that one can grow into a prong (b) Eligible Person.... The class of previous employees who were ‘Eligible Persons’ was a closed class when the Supplemental Plan was adopted.” Appellees’ Br. at 18.
We agree with the District Court that “[t]he plain language of the [Supplemental Plan] supports [defendants’ interpretation.” Eastman Kodak Co., 576 F.Supp.2d at 552. “[B]y using the present tense,” the Supplemental Plan’s definition (b) of an Eligible Person “restricts eligibility to people who had already retired from Sterling at the time the Sterling Supplemental Plan was adopted. Under definition (b), eligibility for benefits extends to anyone who once worked for Sterling but ‘is’ not currently employed by Sterling and ‘has’ benefits under the KRIP that ‘are’ subject to the § 401(a)(17) limitation. Definition (b) does not encompass people who will retire in the future and will have KRIP benefits, which mil be subject to the § 401(a)(17) limitation.” Id. (emphasis added).
We also agree with the District Court that Plaintiff Coyne’s interpretation does not create ambiguity in interpreting the Supplemental Plan provision because it is not a reasonable interpretation. As the District Court explained, “Coyne worked for Kodak for almost ten years, then retired and began to receive pension benefits under Kodak’s top hat plan because his salary at Kodak rose above the § 401(a)(17) limitation. Coyne now presses for additional top hat benefits under Sterling’s plan, arguing that Sterling’s obligation to pay these benefits was triggered by the high salary he attained at an entirely different company. Coyne’s argument is not reasonable.” Id. at 552-53.
Because Coyne is not entitled to benefits under Sterling’s Supplemental Plan, Kodak’s claim for indemnification for those benefits was made moot and thus appropriately resolved by summary judgment.

CONCLUSION

For the reasons stated above, the judgment of the District Court is AFFIRMED.